<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>RANDY NEEDLEMAN, <u>et al</u>.<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No. 03-2476 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter comes before the Court upon plaintiff DIRECTV, Inc.'s ("DIRECTV") motion for entry of a default judgment against defendant Joseph Callahan (the "Defendant"), pursuant to Rule 55(b), Fed. R. Civ. P. [Docket Item No. 117.]  Where, as in this case, default has previously been entered against the defendant, the plaintiff has the burden, under Rule 55(b)(2), Fed. R. Civ. P., to establish that the essential elements of the pleaded claims are present, normally taking the factual allegations in the complaint as true.[1]  <u>Comdyne I v. Corbin</u>, 908 F.2d 1142, 1149

---

[1] Pursuant to this Court's Order of March 24, 2006 [Docket Item No. 113] -- in which this Court adopted the Report and Recommendation submitted by the Honorable Ann Marie Donio, U.S. Magistrate Judge -- Defendant's Answer was stricken pursuant to Fed. R. Civ. P. 37(b)(2) due to Defendant's failure to comply with the Court's previous discovery orders.  Thus, all allegations in DIRECTV's Complaint are deemed uncontested.  Under Rule 8(d), Fed. R. Civ. P., all "[a]verments in a pleading to which a responsive pleading is required...are admitted when not

(3d Cir. 1990); Fehlhaber v. Indian Trails, Inc., 425 F.2d 715, 717 (3d Cir. 1970); D.B. v. Bloom, 896 F. Supp. 163, 170 n. 3 (D.N.J. 1995).  The court in its discretion may require some proof of facts that must be established to determine liability. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 at 60-61 (citing, inter alia, D.B. v. Bloom, supra, 896 F. Supp. at 170 n.2).

After the Court determines that judgment by default should be entered as to liability, the court must address the quantum of damages or other recovery to be awarded.  If a specific damages sum was sought in the complaint and uncontested, the court has discretion to award that amount without further hearing.  10A Wright, Miller & Kane, supra, § 2688 at 63.

Where the sum is not certain and is not susceptible to easy computation, the court may require submission of supplemental evidence of damages by hearing or otherwise.  Id. at 69-70.  The court has discretion to convene a damages hearing or to act upon the basis of affidavits by a person with knowledge setting forth the amount and basis for establishing and calculating damages and sufficient documentary evidence to satisfy the court.  Bartkus, N.J. Federal Civil Procedure, § 17-3:3.2 at 443 n. 53 (1999), citing Dundee Cement Co. v. Howard Pipe & Concrete Prod., 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Magette v. The Daily Post, 535 F.2d 856 (3d Cir. 1976)); Broadcast Music, Inc. v. De Gallo,

---

denied in the responsive pleading."

Inc., 872 F.Supp. 167 (D.N.J. 1995); accord Transportes Aeros DeAngola v. Jet Traders Inv. Corp., 624 F. Supp. 264 (D. Del. 1985). A damages hearing will be especially appropriate under Rule 55(b)(2) where there are multiple claimants, issues of proximate causation, or other complexities in ascertaining the degree of damages, as contrasted with the mere fact of damage. See generally Pope v. United States, 323 U.S. 1, 12 (1944); Fehlhaber v. Indian Trails, supra, 425 F.2d at 715; Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105 (2d Cir. 1997); Eisler v. Stritzler, 535 F.2d 148 (1st Cir. 1976).

Based upon the pleadings and all relevant submissions, the Court finds as follows:

1. On May 23, 2003, DIRECTV filed a Complaint, which named Joseph Callahan as a defendant and asserted violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511-2512.[2]

2. The plaintiff in this case is DIRECTV, Inc., a California-based company in the business of distributing satellite TV broadcasts throughout the United States. DIRECTV delivers over 225 channels of television and other programming to more than 10

---

[2] In its motion for default judgment, DIRECTV informed the Court that it is not pursuing default judgment on its claim under 18 U.S.C. § 2512 and will voluntarily dismiss this claim.

      million homes and businesses in the United States. DIRECTV encrypts, or electronically scrambles, its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming, which it offers on a subscription or pay-per-view basis only. Customers are required to obtain a DIRECTV Access Card and other system hardware and to create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view, in a decrypted format, those channels to which the customers has subscribed.

3. On December 5, 2000, Defendant Joseph Callahan, who resides in New Jersey purchased a pirate access device (an "Unlooper") from Vector Technologies which is marketed and advertised as enabling unauthorized access to DIRECTV's proprietary signals and defeating electronic countermeasures employed by DIRECTV, all without payment to DIRECTV. The unlooper was delivered to Callahan's residence in Browns Mills, New Jersey.

4. Service of process was returned executed on August 21, 2003 and the Defendant answered on December 31, 2003.

5. After DIRECTV filed motions to compel certain discovery, on February 22, 2005, August 3, 2005 and August 10, 2005 respectively, Magistrate Judge Donio ordered Defendant to (1) respond to DIRECTV's interrogatories; (2) answer DIRECTV's request for the

4

    production of documents; and/or (3) make himself available for a deposition in this matter.  Defendant failed to comply with any of the Magistrate Judge's three discovery orders.  On November 22, 2005, DIRECTV filed a motion for sanctions against Defendant for failure to comply with such orders.  On March 24, 2006, this Court adopted Magistrate Judge Donio's Report and Recommendation recommending that, due to Defendant's continued and unreasonable failure to comply (1) Defendant's Answer be stricken and (2) that the Clerk enter default against Defendant pursuant to Fed. R. Civ. P. 55(a).

6. Default was entered by the Clerk of Court on March 27, 2006.  DIRECTV now seeks entry of a final default judgment against the defendant in the amount of $12,936.00, representing $10,000 in statutory damages and $2,936.00 in costs and fees.  In addition, DIRECTV seeks an order permanently enjoining Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605 and committing or assisting in the commission of any violation of 18 U.S.C. § 2511.

7. Under the Communications Act, any person aggrieved by violations of § 605(a) may bring a cause of action against such violators.  See 47 U.S.C. § 605(e)(2).  Violations of § 605(a) include, <u>inter alia</u>, receiving

and/or assisting others in receiving satellite transmissions of television programming without authorization. <u>See</u> <u>generally</u>, <u>TKR Cable Co. V. Cable City Corp.</u>, 267 F.3d 196, 200 (3d Cir. 2001).  The Third Circuit's decision in <u>TKR Cable Co.</u> supports DIRECTV's claims against Defendant arising from his interception of satellite signals because in <u>TKR</u>, the Third Circuit expressly stated that liability under § 605 applies to "pirates who directly intercept airborne transmissions." <u>Id</u>. at 200.  DIRECTV has alleged such facts in the Complaint, (<u>see</u> Compl. at ¶¶ 20 and 22[3]), and, because Defendant's Answer was stricken pursuant to this Court's March 24, 2006 Order, those facts are

---

[3]  Paragraph 20 of the Complaint states that Defendant has:

> [R]eceived and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

(Compl. ¶ 20.)

Paragraph 22 of the Complaint states that Defendant:

> [K]new or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited.  Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations.

(Compl. ¶ 22.)

   deemed admitted.  As such, DIRECTV has therefore proven a violation of § 605.

8. 18 U.S.C. § 2511(1)(a) provides a cause of action for anyone who "intentionally intercepts, endeavors to intercept, or procures another person."  Civil claims for relief based on violations of these provisions of the United States Code are authorized by 18 U.S.C. § 2520(a), which states:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).  DIRECTV thus relies upon Section 2520(a) to assess statutory damages against Defendant.  The facts alleged in the Complaint (specifically Compl. at ¶ 24 and 26[4]) regarding the Defendant's liability

---

[4] Paragraph 24 of the Complaint states:

By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, defendants intentionally intercepted. endeavored to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a).

(Compl. ¶ 24.)

Paragraph 26 of the Complaint states that Defendant:

>      are deemed admitted, and it is therefore established that the Defendant both purchased and used illegal access devices to intercept DIRECTV satellite transmissions with the intent to avoid payment to DIRECTV for the pirated programming in direct violation of § 2511(1)(a).
>
>   9. Plaintiff is entitled to an award of damages pursuant to 18 U.S.C. §§ 2511(a)(a) & 2520(c)(2) for the unauthorized interception of DIRECTV's encrypted satellite television broadcasts, consisting of "statutory damages of whichever is the greater of $100 a day for each violation or $10,000," 18 U.S.C. § 2520(c)(2).  In this case, where Defendant Callahan has disregarded Court Orders to provide relevant discovery, it is not possible to calculate the alternative remedy of actual damages, which is also available under § 2520(c)(2), or to "fine-tune" the civil remedy available to Plaintiff under 47 U.S.C. § 605 (permitting $1,000 to $10,000 per violation).  Indeed, DIRECTV does not seek either actual damages under §

---

[K]new or should have known that such interception of DIRECTV's satellite transmissions of television programming was illegal and prohibited.  Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations.

(Compl. ¶ 26.)

      2520(c)(2) or statutory damages under § 605 at this time (see Pl. Memo in Support at 9 & n.4).

10. Plaintiff is also entitled to recover its reasonable costs and attorney's fees, but it seeks no fees or costs beyond the $2,936.00 already awarded by the Court in its Orders of August 3, 2005 ($1,944.00) and April 11, 2006 ($992.00). It is appropriate to include these previously directed payments in the final judgment.

11. DIRECTV is thus entitled to judgment in the amount of $12,936.00, computed as follows:

    (1) in the amount of $10,000.00 for defendant's violation of 18 U.S.C. § 2511(1)(a); and

    (2) in the amount of $2,936.00, pursuant to 18 U.S.C. § 2520(b)(3), for costs and reasonable counsel fees.

12. In addition, Defendant is also permanently enjoined from committing or assisting in the commission of any violation of 47 U.S.C. § 605 and committing or assisting in committing any violation of 18 U.S.C. § 2511.

The accompanying Default Judgment will be entered.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge